IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEVEN OWEN )
 ) No. 3-06-0344
v. )
 )
HERITAGE OPERATING, L.P. d/b/a )
Flamegas Company; and JOHN DOE )

MEMORANDUM

The plaintiff originally filed this action in the Circuit Court for Wilson County, Tennessee, alleging a state common law claim of retaliatory discharge, and disability discrimination and negligent hiring and supervision pursuant to Tenn. Code Ann. §§ 8-50-103, and 4-21-101 et seq. The defendant removed the case from the Circuit Court for Wilson County, Tennessee on April 12, 2006.

In the notice of removal, defendant Heritage Operating, L.P. d/b/a Flamegas Company asserted that there was diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and that the defendant is a Delaware Limited Partnership with its principal place of business in Tulsa, Oklahoma. Attached to the notice of removal was a 1997 Application for Registration of Foreign Limited Partnership for defendant Heritage Operating, L.P., in which the defendant listed its only general partner as Heritage Holdings, Inc., with an address in Tulsa, Oklahoma. Also attached was a 2002 Application for Amended Registration of Foreign Limited Partnership, withdrawing Heritage Holdings, Inc. as the sole general partner of the defendant and naming U.S. Propane, L.P. as the sole general partner, again with an address in Tulsa, Oklahoma.

By order entered April 9, 2007 (Docket Entry No. 26), the defendant was directed to file an amended notice of removal, identifying the citizenship of its general or limited partners and the citizenship of any members of any such partners as of the date the case was removed to this Court. On April 17, 2007, the defendant filed an amended notice of removal (Docket Entry No. 27)

By order entered April 19, 2007 (Docket Entry No. 28), the Court found that the amended notice still did not establish diversity of citizenship, and the defendant was directed to file another amended notice of removal. In that order, the Court noted that the analysis of citizenship of limited partnerships and limited liability companies for purposes of diversity jurisdiction must end with the citizenship of corporations or individual people.

The defendant filed a second amended notice (Docket Entry No. 29), asserting, as it had in the first amended notice, that defendant Heritage Operating, LP is a Delaware Limited Partnership, and that the defendant has two limited partners, Heritage LP, Inc., a Delaware corporation,[1] and Heritage ETC., L.P, a Delaware limited partnership,[2] and one general partner, Energy Transfer Partners GP, L.P. The defendant did not indicate the state of the principal place of business of Heritage LP, Inc.,[3] and did not identify the citizenship of the partners of Heritage ETC, L.P.

The defendant also asserted that the defendant's general partner, Energy Transfer Partners GP, L.P. is a Delaware limited partnership, whose general partner is Energy Transfer Partners, L.L.C. and whose limited partner is Energy Transfer Equity, L.P.[4]

There the analysis stopped. In addition to the lack of assertion of the principal place of business of Heritage LP, Inc., the defendant has failed to identify the citizenship of the partners of Heritage ETC., L.P., and Energy Transfer Equity, L.P. or the citizenship of the members of Energy Transfer Partners, L.L.C.

---

[1] The defendant asserted that Heritage LP, Inc. is wholly owned by Heritage ETC, L.P., a fact that is not relevant, since 28 U.S.C. § 1332(c)(1) describes the citizenship of corporations without regard to whether they are owned by other entities. See Docket Entry No. 28 at n.2.

[2] As provided in the April 9, 2007, and April 19, 2007, order, the state of incorporation of a limited partnership is not relevant for purposes of establishing diversity jurisdiction.

[3] The citizenship of a corporation is determined by the state of its incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

[4] As of August 22, 2005, it appears that the general partner of Energy Transfer Equity, L.P. is LE GP, LLC, with a mailing address in Texas. See Docket Entry No. 29-7. However, the defendant has not provided the citizenship of the members of LE GP, LLC.

As provided in the orders entered April 9, 2007, and April 19, 2007, a limited partnership is a citizen of each state in which its partners are citizens and a limited liability company is a citizen of each state in which its members are citizens. Despite what the Court believed to be clear directives provided in not one but two orders, the defendant simply has not provided sufficient information to establish diversity of citizenship under 28 U.S.C. § 1332. See Carden v. Arkoma Assocs., 494 U.S. 195, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); Maiden v. North Am. Stainless, L.P., 125 Fed.Appx. 1, 3-4 (6th Cir. Dec. 15, 2004); Glancy v. Taubman Ctrs., Inc., 373 F.3d 656, 672 (6th Cir. 2004); Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 Fed.Appx. 731, 732-34 (6th Cir. Dec. 3, 2002); Koetters v. Ernst & Young, LLP, 2005 WL 1475533 *1 (E.D. Ky. June 21, 2005).

The United States District Court is a court of limited jurisdiction. Since no federal question jurisdiction has been asserted, this Court can only assume jurisdiction over this case on the basis of diversity jurisdiction. It may well be that there is, in fact, diversity jurisdiction. However, a defendant seeking to remove a case to federal court has the burden of proving the existence of diversity jurisdiction. See Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 375 (6th Cir. 2007). When the defendant does not sufficiently assert diversity jurisdiction, the Court cannot assume jurisdiction based on speculation or assumption.

An appropriate order will enter.

JULIET GRIFFIN
United States Magistrate Judge